UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kim L'Esperance,                                        Case No. 03-5022 (RHK/SRN)
        Plaintiff,

vs.                                                     **REPORT AND RECOMMENDATION**

Jo Anne Barnhart,
Commissioner of Social Security,

        Defendant.

---

Lionel H. Peabody, Esq., for Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, for the Government.

---

      **THIS MATTER** comes before the undersigned United States Magistrate Judge on Plaintiff, Kim L'Esperance's Motion for Attorney's Fees and Expenses (Doc. No. 24) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $3,637.80. Plaintiff's counsel contends that he is entitled to an award of attorneys' fees under the EAJA because Plaintiff is the prevailing party in this case, and because the Commissioner's position was not substantially justified. Defendant does not dispute the fact that Plaintiff is the prevailing party, nor does Defendant dispute the amount or rate of Plaintiff's requested fees. Rather, Defendant opposes the motion on the grounds that the Commissioner's position on this matter was substantially justified. This Court recommends that Plaintiff's motion for attorney's fees and expenses under the EAJA be granted.

## II. PROCEDURAL HISTORY

      Plaintiff applied for Disability Insurance Benefits ("DIB") on July 30, 2001, alleging she became

disabled on June 15, 1999. The Social Security Administration denied the application both initially and upon reconsideration. Plaintiff timely filed a request for a hearing, which was held before Administrative Law Judge ("ALJ") Paul D. Tierney on November 19, 2002. On March 26, 2002, the ALJ determined that Plaintiff was not entitled to DIB and denied her application. The Appeals Council denied Plaintiff's request for review of the ALJ's decision on July 3, 2003.

On August 27, 2003, Plaintiff filed a Complaint with the District Court of Minnesota seeking judicial review of the final decision of the Commissioner denying her application. On August 17, 2004, this Court issued a Report and Recommendation (Doc. No. 16), recommending that the decision of the Commissioner be reversed and the case remanded for further administrative proceedings. This Court determined that the case needed to be remanded because the record clearly indicated that Plaintiff suffered from the side effects of her medications but the ALJ failed to fully develop the record by contacting Plaintiff's treating physician to determine the severity of those side effects for the purposes of evaluating her RFC. As such, the ALJ's hypothetical "did not necessarily reflect the full extent of L'Esperance's impairment." (Report and Recommendation, p. 15 (Doc. No. 16)). On September 7, 2004, United States District Court Judge Richard H. Kyle adopted this Court's Report and Recommendation and remanded the matter for further administrative proceedings in accordance with the Report and Recommendation. (Doc. No. 21). Plaintiff now requests an award of attorneys fees and expenses under EAJA, 28 U.S.C. § 2412. (Doc. No. 24).

### III. DISCUSSION OF LAW

**A.      Legal Standard for Fees under the EAJA**

28 U.S.C. § 2412(d)(1)(A) of EAJA provides in relevant part:

2

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The EAJA also sets forth requirements for requesting an award of costs and fees:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from an attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified.

28 U.S.C. § 2412(d)(1)(B). The Government bears the burden of proving that the Commissioner's position was substantially justified at both the administrative and litigation levels. See 28 U.S.C. § 2412(d)(2)(D); Gowen v. Bowen, 855 F.2d 613, 615 (8th Cir. 1988). Furthermore, "[w]hether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." Id. The Supreme Court has held that a judgment granting remand is a final judgment for which fees may be granted. Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993).

Attorney's fees requested under this section may not exceed the rate of $125.00 per hour unless the court determines that an increase in the cost of living justifies a higher fee. See 28 U.S.C. § 2412(d)(2)(A). "Party" under the EAJA means an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. See 28 U.S.C. § 2412(d)(2)(B).

The Commissioner does not dispute that Plaintiff was a "prevailing party" within the meaning of the statute. The determination of whether Plaintiff is entitled to a fee award under the EAJA depends upon whether or not the Commissioner's position was substantially justified. Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003).

The Secretary bears the burden of proving the denial of benefits was "substantially justified." Id.; Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991). To establish substantial justification, the defendant must show that the denial of benefits had a reasonable basis in law and fact. Welter, 941 F.2d at 676 (citing Pierce v. Underwood, 487 U.S. 552, 565-566 (1988)). The test of whether the Commissioner's position was substantially justified requires a showing that the position was "clearly reasonable, well founded in law and fact, solid though not necessarily correct." Friends of Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 885 (8th Cir. 1995). This means that the Commissioner's position need only be "justified to a degree that could satisfy a reasonable person" to defeat a claimant's application for attorneys' fees. Pierce, 487 U.S. at 565. This inquiry involves an evaluation of the Commissioner's position both at the pre-litigation and litigation phases of the case. Iowa Express Distribution, Inc. v. NLRB, 739 F.2d 1305, 1309 (8th Cir. 1984).

Fees should not be awarded simply because the Commissioner loses the case. Welter, 941 F.2d at 676. The Secretary's position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole. Id.; Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). The rationale underlying this rule is that the substantial evidence and substantial justification standards are different. Welter, 941 F.2d at 676. As the Eighth Circuit explained:

> [u]nder the substantial evidence standard, the district court must consider evidence

> that both supports and detracts from the Secretary's position. In contrast, under
> the substantial justification standard the district court only considers whether there
> is a reasonable basis in law and fact for the position taken by the Secretary.

Id. (internal citations omitted). Because the standards are neither semantic nor legal equivalents, the Commissioner can lose on the merits of the disability question and win on the application for attorney's fees. Id.

**B.   The Parties' Positions**

Plaintiff L'Esperance argues that the position of the Commissioner was not substantially justified because the ALJ failed to fully and fairly develop the record regarding the potentially severe side effects of her medications. As a result, the hypothetical presented to the vocational expert, and the resulting RFC did not include possible limitations resulting from those side effects. Plaintiff argues that, because the ALJ failed in this duty, the Commissioner's position is not substantially justified.

Defendant argues that the Commissioner's position was substantially justified because this Court rejected the majority of Plaintiff's arguments, and remanded the case on very narrow grounds. Specifically, Defendant states that this Court found that the ALJ had not committed reversible error in rejecting the treating physician's opinion as conclusory, and that this Court agreed with the ALJ's assessment of the objective medical evidence as it related to Plaintiff's symptoms of bipolar disorder. (Report and Recommendation, p. 13 (Doc. No. 16)). Because this Court agreed with portions of the ALJ's findings, Defendant contends that the Commissioner's position was substantially justified.

**C.   The Court's Recommendation**

The ALJ has an affirmative duty to develop the record in a disability benefits case. Mitchell v. Bowen, 827 F.2d 387, 389 (8th Cir. 1987). "Social Security proceedings are inquisitorial rather than

5

adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . ." Sims v. Apfel, 530 U.S. 103, 111 (2000). Where the ALJ fails to fully develop the record, the Commissioner's position in denying benefits is not substantially justified. Fraction v. Bowen, 859 F.2d 574, 575 (8th Cir. 1988). Not ensuring an adequate factual basis for a decision is considered unreasonable and renders that decision not substantially justified. Sutton v. Charter, 944 F.Supp 638, 643-645 (N.D.Ill. 1996) (ALJ's failure to develop the record to support his decision to deny benefits meant the decision did not have a reasonable basis in fact and, thus, was not substantially justified.).

In this case, the Court recommends that Plaintiff's motion for fees and expenses under the EAJA be granted. First, Plaintiff was a prevailing party for purposes of the EAJA despite the fact that the Court remanded the matter for further administrative proceedings at which Plaintiff might ultimately lose on the merits. See Shalala, 509 U.S. at 300-01.

Second, the Court finds that the Government's position was not substantially justified. The Government bears the burden to show its denial of benefits was substantially justified, see Jackson, 807 F.2d at 128, but this Court finds it has not met this burden. In this case, the basis for the remand of this case was the ALJ's failure to fully develop the record as to the side effects of Plaintiff's medications. That this Court agreed with portions of the ALJ's findings does not cure the ALJ's failure to fulfill his duty to develop the record. Such failure to fully develop the record renders the Commissioner's position not substantially justified. This Court finds that, as the record was not fully developed, there was no reasonable basis in law and fact for the Commissioner's position that Plaintiff was not entitled to benefits. Therefore, the Government's position was not substantially justified and Plaintiff should be awarded fees and costs under the EAJA.

Third, this Court finds that the $150.00 per hour rate for attorney services is reasonable in light of the increase in the cost of living since the enactment of the $125.00 statutory rate guideline set in 1996. See eg. Kelly v. Bowen, 862 F.2d 1333, 1336 (8th Cir. 1988); See also Plaintiff's Ex. 3, U.S. Department of Labor, Bureau of Labor Statistics, Consumer Price Index - Minneapolis and St. Paul, 1994-2004.

Fourth, Plaintiff's counsel represents that the compensable hours expended in this case amount to 22.9 hours. This Court finds that the number of hours Plaintiff's counsel spent representing Plaintiff, as well as preparing the EAJA application and reply, is reasonable. See Kelly, 862 F.2d at 1334 (time spent preparing EAJA application is compensable).

Finally, Plaintiff's counsel seeks reimbursement for expenses incurred in connection with representing Plaintiff in this case in the amount of $202.80. This Court finds that the expenses for which Plaintiff seeks reimbursement are reasonable and should be included in the EAJA award as "reasonable and necessary expenses incurred by counsel in connection with the court proceedings." Id., at 1336.

Accordingly, this Court recommends that Plaintiff's counsel's motion for fees and expenses under the EAJA be granted. Plaintiff should receive reasonable attorney's fees in the amount of $3,435, plus $202.80 in expenses, for a total EAJA award of $3,637.80.

## IV. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion for Attorney's Fees and Expenses (Doc. No. 24) pursuant to the EAJA, 28 U.S.C. § 2412(d), be **GRANTED**; and

2. The Government be ordered to pay Plaintiff's counsel $3,637.80 in fees and costs.

DATED: February 14, 2006                     s/Susan Richard Nelson
                                                                     SUSAN RICHARD NELSON
                                                                     United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 1, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.